IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POMPARE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HOSPIRA, INC., CERNER CORPORATION, and EPIC SYSTEMS CORPORATION, <br><br> Defendants. | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Pompare Technologies, LLC, complains of defendants Hospira, Inc., Cerner Corporation and Epic Systems Corporation (collectively the "Defendants") as follows:

## NATURE OF CASE

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2. Pompare Technologies, LLC ("Pompare") is a Nevada limited liability company and has its principal place of business in Crystal Lake, Illinois.

3. Pompare owns and has standing to sue for infringement of United States Patent No. 7,933,780 ("the '780 patent" or "the asserted patent"), entitled "Method And Apparatus For Controlling An Infusion Pump Or The Like," which issued on April 26, 2011 (attached as Exhibit A).

4. Hospira, Inc. ("Hospira") is a Delaware corporation and has its principal place of business in Lake Forest, Illinois.

5. Cerner Corporation ("Cerner") is a Delaware corporation and has its principal place of business in North Kansas City, Missouri.

6. Epic Systems Corporation ("Epic") is a Wisconsin corporation and has its principal place of business in Verona, Wisconsin within 100 miles of Chicago.

## JURISDICTION AND VENUE

7. Hospira owns, operates and/or conducts business both through the manufacture, distribution and sale of infusion pumps and through its website at URL www.hospira.com. Hospira resides in this judicial district, is registered to do business in Illinois and is actually doing substantial business in this judicial district.

8. Cerner owns, operates and/or and conducts business through the manufacture, distribution and sale of infusion management technology and through its website at URL www.cerner.com. Cerner is registered to do business in Illinois, is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought into court in Illinois and has purposefully reached out to residents of Illinois.

9. Epic owns, operates and/or and conducts business through the manufacture, distribution and sale of infusion management technology and through its website at URL www.epic.com. Epic is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district and has established sufficient minimum contacts with the State of Illinois

such that it should reasonably and fairly anticipate being brought into court in Illinois and has purposefully reached out to residents of Illinois.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

## CLAIMS FOR PATENT INFRINGEMENT

11. Hospira has had knowledge of the claims in the asserted patent before the '780 patent issued and the relevance of those patent claims to the accused Hospira products, services and technologies all since at least April 8, 2011.

12. Hospira has sold and provided and continues to sell and provide infusion management technology including, without limitation, its Symbiq smart pump system, its Plum A+ infusion system and its MedNet system, to hospitals and healthcare facilities including, without limitation, facilities such as WellSpan Health's York Hospital in Pennsylvania, Lancaster General Hospital in Pennsylvania and Our Lady of the Lake Regional Medical Center in Louisiana.

13. Hospira has infringed and continues to infringe one or more of the claims of the asserted patent under 35 U.S.C. § 271(b) by actively and intentionally inducing others, such as customers and end-users of the products, services, and technologies including, without limitation those identified in paragraph 12, to directly infringe the asserted patent. Such active and intentional inducement includes making, using, selling, and/or offering to sell the aforementioned products, services and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers); instructing and supporting its customers and end-users in using the aforementioned products, services and technologies through technical support documents and training videos and aiding, assisting and encouraging the infringement of the asserted patent with knowledge of the asserted patent.

14. Hospira also has infringed and continues to infringe one or more of the claims of the asserted patent under 35 U.S.C. § 271(c) by contributing to the direct infringement of the asserted patent by others, such as its customers and end-users using Hospira's products including, without limitation, those identified in paragraph 12. Hospira has contributed to such infringement by making, using, selling, and/or offering to sell at least the aforementioned products, services and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers), where such products, services, and technologies constitute a material part of the invention claimed in the asserted patent, which Hospira knows are specially made or adapted for use in infringing the asserted patent and which Hospira knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

15. Cerner has had knowledge of the claims in the asserted patent and their application to the accused Cerner products, services and technologies since at least April 11, 2011.

16. Cerner has sold and provided and continues to sell and provide infusion management technology including, without limitation, its CareAware system and its Millenium EHR system, to hospitals and healthcare facilities, including without limitation facilities such as WellSpan Health's York Hospital in Pennsylvania and Our Lady of the Lake Regional Medical Center in Louisiana.

17. Cerner has infringed and continues to infringe one or more of the claims of the asserted patent under 35 U.S.C. § 271(b) by actively and intentionally inducing others, such as customers and end-users of the products, services, and technologies including, without limitation, those identified in paragraph 16, to directly infringe the asserted patent. Such active and intentional inducement includes making, using,

selling, and/or offering to sell the aforementioned products, services, and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers); instructing and supporting its customers and end-users in using the aforementioned products, services, and technologies through technical support documents and training videos; and aiding, assisting and encouraging the infringement of the asserted patent with knowledge of the asserted patent.

18. Cerner has infringed and continues to infringe one or more of the claims of the asserted patent under 35 U.S.C. § 271(c) by contributing to the direct infringement of the asserted patent by others, such as its customers and end-users using Cerner's products including, without limitation, those identified in paragraph 16. Cerner has contributed to such infringement by making, using, selling, and/or offering to sell at least the aforementioned products, services, and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers); where such products, services, and technologies constitute a material part of the invention claimed in the asserted patent; which Cerner knows are especially made or adapted for use in infringing the asserted patent; and which Cerner knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

19. Epic has had knowledge of the claims in the asserted patent since at least April 11, 2011.

20. Epic has sold and provided and continues to sell and provide infusion management technology to hospitals and healthcare facilities including, without limitation, facilities such as Lancaster General Hospital in Pennsylvania.

21. Epic has infringed and continues to infringe one or more of the claims of the asserted patent under 35 U.S.C. § 271(b) by actively and intentionally inducing

others, such as customers and end-users of the products, services, and technologies, including without limitation those identified in paragraph 20, to directly infringe the asserted patent. Such active and intentional inducement includes making, using, selling, and/or offering to sell the aforementioned products, services, and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers); instructing and supporting its customers and end-users in using the aforementioned products, services, and technologies through technical support documents and training videos; and aiding, assisting and encouraging the infringement of the asserted patent with knowledge of the asserted patent.

22. Epic has infringed and continues to infringe one or more of the claims of the asserted patent under 35 U.S.C. § 271(c) by contributing to the direct infringement of the asserted patent by others, such as its customers and end-users using Epic's products including, without limitation, those identified in paragraph 20. Epic has contributed to such infringement by making, using, selling, and/or offering to sell at least the aforementioned products, services, and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers), where such products, services and technologies constitute a material part of the invention claimed in the asserted patent, which Epic knows are especially made or adapted for use in infringing the asserted patent and which Epic knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

23. To the extent required by law, Pompare has complied with the provisions of 35 U.S.C. § 287.

24. Defendants' above stated acts of infringement have injured Pompare and Pompare is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

WHEREFORE, Pompare respectfully asks this Court to enter judgment against each of Hospira, Cerner and Epic (including each of their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them) granting the following relief:

    a. The entry of judgment in favor of Pompare and against Defendants;

    b. An award of damages as to each Defendant, such damages adequate to compensate Pompare for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

    c. An award of pre-issuance damages against each Defendant adequate to compensate Pompare as permitted by 35 U.S.C. § 154(d);

    d. A finding that this case is exceptional and an award to Pompare of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

    e. A permanent injunction prohibiting each Defendant from further acts of infringement of the asserted patent; and

    f. Such other relief that Pompare is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

**JURY DEMAND**

Pompare demands a trial by jury on all issues presented in this Complaint.

    Respectfully submitted,

    /s/ Raymond P. Niro
    Raymond P. Niro
    David J. Sheikh
    Oliver D. Yang
    NIRO, HALLER & NIRO
    181 W. Madison, Suite 4600
    Chicago, Illinois 60602
    (312) 236-0733
    Fax: (312) 236-3137
    rniro@nshn.com
    sheikh@nshn.com
    oyang@nshn.com
    Attorneys for Pompare Technologies, LLC